UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | Claim No: 1999A21418 |
| vs. | § § | |
| Sylvia Norfolk | | |

### COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Oakland County, Michigan within the jurisdiction of this Court and may be served with service of process at 23101 Gardner Street, Oak Park, Michigan 48237.

### The Debt

3. The debt owed the USA is as follows:

| | |
|---|---:|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $2,833.71 |
| B. Current Capitalized Interest Balance and Accrued Interest | $5,121.34 |
| C. Administrative Fee, Costs, Penalties | $0.00 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |

| | |
|---|---:|
| E. Attorneys fees | $0.00 |
| **Total Owed** | **$7,955.05** |

The Certificate of Indebtedness, attached as Exhibit A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 8.000% per annum.

### Failure to Pay

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

By: s/Charles J. Holzman (P35625)
Holzman Corkery, PLLC
Attorneys for Plaintiff
Tamara Pearson (P56265)
28366 Franklin Road
Southfield, Michigan 48034
(248) 352-4340
usa@holzmanlaw.com

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Sylvia Norfolk
AKA: Sylvia L. Norfolk
36 Tuxedo
Highlland park, MI  48203

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 08-02-99.

On or about 01-28-88, the borrower executed promissory note(s) to secure loan(s) of $2,625.00, from First American Savings, Inc. at 8.00 percent interest per annum. This loan obligation was guaranteed by Northstar Guarantee, Inc. and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 02-01-89, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,833.71 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 07-01-93, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal | $ 2,833.71 |
| Interest: | $ 2,173.36 |
| Administrative/Collection Costs: | $     0.00 |
| Late Fees: | $     0.00 |
| Total debt as of 08-02-99: | $ 5,007.07 |

Interest accrues on the principal shown here at the rate of $0.62 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: _____          Name: _____
                                    Title:   LOAN ANALYST
                                    Branch: LITIGATION BRANCH

April 1998                                              B3-2/ED-LITGN/COIFSL.DOC

**HIGHER EDUCATION ASSISTANCE FOUNDATION**
P.O. BOX 64107 • ST. PAUL, MN 55164

*After lender completes application, mail HEAF copy only to this address.*

**LENDER COPY**

**GUARANTEED STUDENT LOAN (GSL) APPLICATION/ PROMISSORY NOTE**

SECTION A - TO BE COMPLETED BY BORROWER (PRINT IN INK–PRESS FIRMLY–OR TYPE)

| Field | Value |
|---|---|
| 1. NAME (NO NICKNAMES) | Last: Norfolk, First: Sylvia, M.I.: L |
| 2. SOCIAL SECURITY NUMBER | [redacted] |
| 3. WHEN WERE YOU BORN? | [redacted] |
| PERMANENT ADDRESS | 15738 Indiana |
| CITY | Detroit |
| STATE | MI |
| ZIP | 48238 |
| PHONE | (313) 372-5915 |
| 4. U.S. CITIZENSHIP STATUS | ☒ U.S. CITIZEN OR NATIONAL |
| 7. PERMANENT RESIDENT OF WHICH STATE | MI |
| 8a. DRIVER LICENSE NUMBER | N/A |
| 8b. STATE ISSUED | — |
| 9. ADDRESS WHILE IN SCHOOL | 15738 Indiana, Detroit MI 48238 |
| 10. PHONE AT SCHOOL | (313) 372-5915 |
| 11. MAJOR COURSE OF STUDY | NA/HHGS-12N |
| 12. LOAN AMOUNT REQUESTED | $2,625.00 |
| 13. LOAN PERIOD | FROM 12/87 TO 6/88 |

PRIOR LOAN INFORMATION

- 14. HAVE YOU EVER DEFAULTED ON A GSL, SLS (ALAS), PLUS, CONSOLIDATED, OR INCOME CONTINGENT LOAN? ☒ NO
- 15a. DO YOU HAVE ANY PRIOR UNPAID GSL LOANS? ☒ NO (GO TO 20a)
- 19a. DO YOU HAVE ANY PRIOR UNPAID SLS (ALAS) OR PLUS LOANS? ☒ NO (GO TO 21a)
- 21a. DO YOU HAVE ANY UNPAID PLUS LOANS IF YOU BORROWED AS A PARENT UNDER THE PLUS LOAN PROGRAM? ☒ NO (GO TO 22a)

REFERENCES:
- 22a. NAME: Reuée Jenkins, STREET: 15741 James, CITY: Oak Park MI 48237
- 22b. NAME: Margie Norfolk, STREET: 1500 Linnhurst, CITY: Det MI 48212
- 22c. NAME: Katrina Franklin, STREET: 28 Short, CITY: PCN 141 48306

23a. SIGNATURE OF BORROWER: X *Sylvia Norfolk*
23b. DATE BORROWER SIGNED: 7/28/88

SECTION B - TO BE COMPLETED BY SCHOOL

- 24. NAME OF SCHOOL: Ross Medical Education Center
- 25. ADDRESS: 20820 Greenfield, Oak Park, MI 48237
- 26. PHONE: (313) 967-3100
- 27. SCHOOL CODE: 021179
- 30. PERIOD LOAN WILL COVER: FROM 12/07/87 TO 06/03/88
- 31. CORRESP: 0
- STUDENT'S GRADE LEVEL: ☒ 2
- 32. ANTICIPATED GRADUATION DATE: 06/03/88
- 33. STUDENT STATUS: ☒ INDEPENDENT
- 34. ADJUSTED GROSS INCOME (AGI): $0
- 35. COST OF ATTENDANCE FOR LOAN PERIOD: $9130.00
- 36. ESTIMATED FINANCIAL AID FOR LOAN PERIOD: $1304.00
- 37. EXPECTED FAMILY CONTRIBUTION (EFC): $4280.00
- 38. DIFFERENCE: $2916.00 / 3546
- 41. WILL THE STUDENT ATTEND A FOREIGN SCHOOL? ☒ NO
- 43a. SIGNATURE OF SCHOOL OFFICIAL: *Mrs. Celenar Buck*
- 43b. DATE: 07/28/88
- 43c. PRINT NAME AND TITLE: Financial Aid Officer

SECTION C - TO BE COMPLETED BY LENDER

- 44. NAME OF LENDER: FIRST AMERICAN SAVINGS, INC.
- 45. ADDRESS: 4380 N. CAMPBELL TUCSON, AZ 85718
- 46. LENDER CODE: 830909
- 55a. SIGNATURE OF LENDING OFFICIAL: X [signature]
- PRINT NAME AND TITLE: BONNIE EICHHORN/VICE PRES.
- 55b. DATE SIGNED: 2/2/88

NORFOLK, SYLVIA,
CLAIM NO 199305C32915C C7-01-93

# GSL PROMISSORY NOTE

## A. PROMISE TO PAY

The Interest, Guarantee Fee, and Origination Fee rates a[nd ter]ms (mentioned in the Promise to Pay on the front of this application/promissory note) are:

1. Interest on the unpaid principal balance. The applicable interest rate on this loan will be figured in the following manner: If I have an unpaid principal balance on a Guaranteed Student Loan having an applicable interest rate of 6%, the applicable interest rate on this loan will be 7%. If I have an unpaid principal balance on a Guaranteed Student Loan having an applicable interest rate of 7%, 8%, or 9%, the applicable interest rate on this loan will be the same as that of my other loan(s). If I have no outstanding Guaranteed Student Loans, my applicable interest rate on this loan will be 8%. I understand that if I am eligible for federal interest benefits, the interest will be paid by the Secretary of Education (Secretary) (a) during the period I am in school on at least a half-time basis, (b) during the grace period described under Repayment in this Note, and (c) during the time my loan payments are deferred as allowed by and described under Deferment in this Note. If I am a "new borrower" (as defined below) with a period of enrollment beginning on or after July 1, 1988, my applicable interest rate on this loan will be 8% through the fourth year of repayment. Beginning on the first day of the fifth year of repayment, my applicable interest rate [will be 10%. A "new] borrower" is one who has no outstanding bala[nce on a GSL, PLUS, SLS, or Consoli]dation Loan on the date he or she signs the p[romissory note for a loan with a period of] enrollment beginning on or after July 1, 1988.

2. The Guarantee Fee

HEAF may charge a fee to guarantee my lo[an as permitted by federal] law, applicable regulations and HEAF policy[. The guarantee] Fee will be deducted proportionately from ea[ch disbursement. If my loan is made on or] after July 1, 1987. I understand that this charg[e will be] attributable to any disbursement I do not rec[eive or will be] applied to my loan balance or be returned to [me, based on the] actual guarantee fee charged.

3. The Origination Fee will be deducted from [each disbursement as required] by federal law and will be reflected on my [disclosure statement. This charge will be] refunded, pro rata, on undisbursed amoun[ts if I cancel any] disbursement, if the loan check is not cas[hed within 120 days, or if the] check is returned to the lender uncashed.

## B. DISCLOSURE OF LOAN INF[ORMATION]

I understand that before I receive my first [disbursement the lender will provide a disclo]sure statement that identifies all the terms [of this loan.]

## C. GENERAL

[I] understand that the lender has applie[d for a guarantee from] Higher Education Assistance Foundation [("HEAF")] and the terms of this Promissory Note w[ill be governed by Title IV, Part B,] of the Higher Education Act of 1965, as [amended (the "Act"), regulations] under the Act, and the Rules and Regula[tions of HEAF. To the extent permitted by] law, this Note shall be governed by the la[ws of Minnesota.]

## D. REPAYMENT

I will repay this loan in periodic installme[nts over a period which will begin no later] than the end of my grace period.

However, during the grace period I ma[y elect to begin repayment immediately. My] grace period begins when I cease to c[arry at least one-half the normal full-time academic workload] at a school that is participating in the G[SL program.]
1) The Secretary will pay the interest t[hat accrues on this loan during my in-school] and during any deferment period, if i[nterest benefit payments on my behalf are] made on my behalf under the regula[tions of the Act. If interest on] this loan is payable by the Secretary, [I will not have to pay such interest at that] time. I may, however, choose to pay th[is interest.]
2) Once the repayment period begin[s, I will pay the interest that] accrues on this loan, except that if th[e interest that accrues during any] period was payable by the Secretar[y or another party or during] any period described under Defermi[ent, such interest will be paid by them.]
3) The lender may add any interes[t that accrues and is not] paid when it is due, in accordance [with the terms of the] GSLP.
4) I will repay this loan over a repa[yment period of no less than 5 years nor] more than 10 years. However, the f[ollowing are exceptions to this general rule]
a. If, during the grace period, I requ[est the lender to give me] a shorter period.
b. The lender may require a repa[yment period less than 5 years to] ensure that during each year of the [repayment period I,] GSL, PLUS or SLS program loans outstanding, we—pay to[ward principal and interest at] least $600 of the unpaid principal of all such loans (plus interest), whichever is less.
c. If I qualify for postponement of my payments during any period described under Deferment in this Note, or if the lender grants "forbearance," as allowed by the Act, those periods will not be included in the 5- and 10-year periods mentioned above.
3) If, during the grace period, I request a shorter repayment period, the lender may grant me a period shorter than 5 years. In that event, I may later choose to have the repayment period extended to 5 years.
6) I must contact the lender prior to expiration of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines set forth in Paragraph 4 of this Section, without my further approval; however, the lender must inform me of these terms in writing at the latest address that I have provided to the lender.
7) The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document that the lender will provide to me before the repayment period begins.
8) My obligation to repay this loan shall be cancelled if I become totally and permanently disabled or die.

## E. PREPAYMENT

At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note. In the event of prepayment, I will be entitled to a refund of any unearned interest that I have paid. The amount of any such rebate will be computed by the same method by which interest payments were computed.

## F. DEFERMENT

I understand that in certain instances authorized by the Act the payments I am required to make, as described under Repayment in this Note, may be deferred. The instances currently authorized by the Act are described under Deferment in the HEAF application information booklet. To obtain such deferment, I agree to comply with the relevant federal regulations and the Rules and Regulations of the HEAF, including, without limitation, submission of required forms to the lender.

## G. FORBEARANCE

If I am unable to repay this [loan in] accordance with the terms established under Repayment in this Note, I may request [the le]nder to modify these terms. I understand that such modification would be at the lend[er's] option and would have to be in compliance with the Act, federal regulations adopted under the Act and the Rules and Regulations of HEAF. I understand that a modification of repayment terms under this Section is different from Deferment (as described in this Note) and that during this period I will remain responsible for payment of interest, which the lender may (a) collect from me on a periodic basis or (b) add to the principal balance of this loan.

## H. DEFAULT

1. Definition—I understand that under the Act, and HEAF Rules and Regulations, any of the following events is a default:
a. failing to make any installment payment when due, provided that this failure persists for 180 days for a loan repayable in monthly installments or 240 days for a loan repayable in less frequent installments;
b. making any false representation for the purpose of obtaining this loan;
c. using the loan proceeds for other than educational purposes;
d. [leaving] the school that completed the application for the time identified as my loan period.

[I must notify the] lender immediately if I (a) drop to less than a half-time student, (b) change [schools, (c) change my name, or] (d) change my permanent address.

[2. If I default on this lo]an:
[a. the lender may declare the entire unpaid amo]unt of the loan, including interest, immedi[ately due and payable;]
[b. the lender may d]isclose to schools I have attended (or am [attending);]
[c. I may be ineligible for] any of the following federal programs: Pell Grant, College Work-Study, State Student [Incentive Grant,] National Direct Student Loan), Guaranteed [Student Loans, Supplemental Loans for Stu]dents (SLS), PLUS loans, or Consolidation [Loans;]
[d. any deferment un]der Repayment and Deferment in this Note, [will cease;]
[e. I will pay all costs, in]cluding attorney's fees, that are permitted by [law to collect any] of these amounts. If this loan is referred for [collection action subject to the F]air Debt Collection Practices Act, I will pay [the] unpaid principal and accrued interest. De[claring this loan immediately p]ayable is at the option of the lender, which it [may exercise only after due no]tice and other requirements of law. Failure to [exercise this option is not a wai]ver of the lender's right to exercise the option [later. If I default on this loan, I] will then be required to pay HEAF all amounts [paid by HEAF on my loan.]

[The lender may char]ge me a late charge if I fail to pay all or part of a [payment within 10 days] after it is due or if I fail to provide written evi[dence that verifies my eligibility to have pa]yment deferred as described under Deferment [in this Note. This charge will not exceed six] cents for each dollar of each late installment.

## [CREDIT BUREAU NOTIFICAT]ION

[I understand that information concerning this l]oan and its repayment will be reported to one or [more credit bureau organizations. If I defa]ult on this loan, the lender, holder or guaranty [agency will report that default to credit] bureau organizations. This may significantly and [adversely affect my] credit. The lender, holder or guaranty agency [must, at my request, provide eviden]ce that information about the default will be dis[closed no sooner than 60 days after I receive such notice, unle]ss I enter into repayment on the loan within the 30 [day period. Any such request and re]sponse to a request from any credit bureau orga[nization must be made in writing. I may dispute with that organization about the accuracy and [completeness of information they report abo]ut me.

## [CERTIFICATION]

[I certify under penalties of perjury under] the laws of the United States of America that the [information provided by me, the borrower, certify that the information contained in my [loan application is true and correct. At the lend]er's option, I authorize the lender to make my loan [check co-payable to me and my] school. I hereby authorize the school to pay to the [lender any refund which may be du]e up to the amount of this loan. I further authorize [any school I have attend or HEAF to release to the lending institution, [subsequent holder or their agent an]y requested information pertinent to this loan (e.g., [employment, enrollment status, loa]n history, current address). I also authorize the lender, [subsequent holder, ed]ucational institution, or HEAF to make inquiries to or [of any prio]r or subsequent lenders or holders, with respect to my loan appli[cation and other doc]uments. I also authorize the lender, subsequent holder, their agent or HEAF to release infor[m]ation and make inquiries to the persons I have listed in my loan application as references, for the purpose of learning my current address and telephone number. I certify that the proceeds of this loan will be used for educational purposes for the academic period stated on my loan application at the educational institution named on the application. I understand I am responsible for repaying any funds I receive that cannot reasonably be attributed to meeting my educational expenses related to attendance at that institution for the loan period stated. I certify that I am a borrower eligible for participation in the GSL program and that I do not owe a refund to any Title IV aid program. I certify that if I am eligible to apply for a Pell Grant, that I have done so or that I have requested my institution to estimate my eligibility for a Pell Grant. I further certify I have read the materials explaining the federal guaranteed student loan program which have been provided to me and that I understand my responsibilities and my rights under that program.

## SCHOOL CERTIFICATION

I hereby certify that the student named in Section A of this application is accepted for enrollment or is enrolled as at least a half-time student, and is making satisfactory progress in a program determined to be eligible for this loan program. I further certify that the student has been determined by this institution, under the regulations applicable to this loan program, to be eligible for the loan applied for. I further certify that based upon records available at this institution and due inquiry to the student, the student has satisfied the requirements under the Selective Service Act necessary to receive financial aid, is not in default on any loan made under any Title IV student assistance program identified in 34 CFR Part 668, and is not liable for any refund of any grant made under any student assistance program identified in 34 CFR Part 668. I further certify that this institution will comply with all applicable provisions of federal law and the rules, regulations, policies, and procedures of HEAF in the administration of this loan. The information provided in Sections A and B and this School Certification is true, complete, and correct to the best of my knowledge and belief.

---

I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE (STAPLED TO BACK OF PROMISSORY NOTE)

NAME _Adams 8-3-99_ DATE

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.

2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.

3. Acknowledges that:
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

SIGNATURE X _[signature]_
TITLE _Claims Processor_
DATE _10-13-89_

F0025 10-87